IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHIRLEY SPYCHALLA Individually :
and as Special Administrator of the Estate of :
LEONARD J SPYCHALLA, Deceased : MDL-875
:
v. : E.D. Pa. Case No. 12-60004
:
AVCO CORPORATION, et. al. :

**EXPLANATION and ORDER**

**AND NOW** this 25th day of January, 2013, upon consideration of "Plaintiff's Motion and Memorandum Regarding the Sufficiency of Defendant Cessna's Answers or Objections to Plaintiff's Request for Admissions Pursuant to Rule 36" (Doc. 147), the response (Doc. 174), the reply (Doc. 200), and the sur-reply (Doc. 206), and after a January 23, 2013 recorded telephonic oral argument, it is hereby **ORDERED** that the motion is **GRANTED in part and DEFERRED in part**.

The Motion is **GRANTED in part** in that Cessna must answer whether it "purchased McCauley Propeller company in 1960." To the extend that Cessna claims that multiple "McCauley Propeller" companies existed, it must clarify which one, if any, it bought in 1960.[1]

We reject Cessna's argument that Plaintiff has failed to provide "any" evidence of the Decedent's exposure to Cessna's asbestos-containing products. We conclude that Plaintiff has provided sufficient evidence of possible exposure to establish the low threshold of relevance under Fed. R. Civ. P. 26(b). At the same time, we acknowledge that some assessment of the extent of

---

[1] We note that McCauley Propeller Systems' website clearly provides that "McCauley was purchased by Cessna Aircraft Company in 1960 and remains a division of Cessna today." http://www.mccauley.textron.com/history.html (last visited January 24, 2013). Cessna's refusal to answer request to admit 1 smells of gamesmanship.

1

that evidence may be relevant to our determination of whether the burden upon Cessna of responding to requests to admit 2-8 outweighs the benefit of the answers to Plaintiff.

During the oral argument, Cessna contended that it could not responsibly admit, deny, or assert that, after reasonable inquiry, it had insufficient knowledge to admit or deny requests to admit 2 through 8, until it had searched its records to determine whether (1) "McCauley made asbestos containing brake assemblies used in Cessna aircrafts during the period of 1960 to 1991"; and (2) "Cessna sold asbestos containing spare parts" between (a) 1960 to1965; (b) 1965 to1970; (c) 1970 to 1975; (d) 1975 to 1980; (e) 1980 to 1985; or (f) 1985 to 1991. We accept Cessna's assessment that some investigation of documents may be necessary to make these broad determinations and that there will certainly be some accompanying burden. We remind Cessna, however, that in order to admit or deny the general questions asked, it need not uncover all relevant records nor must it produce those records. We also remind the parties that any admissions by Cessna "cannot be used against the party in any other proceeding", Fed. R. Civ. P. 36(b), and that, to the extent Cessna does not admit a request, it has a good faith obligation under Rule 36(a)(4) to deny it "specifically" and to "fairly respond to the substance of the matter." Further, if Cessna believes it can neither admit nor deny a request, it must "state in detail why [it] cannot truthfully" do so after "it has made reasonable inquiry." Fed. R. Civ. P. 36(a)(4).

Cessna claims that in light of the breadth of the requests and the prospect that it may have to pour through a substantial number of documents in order to make an appropriate response to the requests, they are unduly burdensome. Cessna has not yet convincingly demonstrated that such a thorough search is necessary, or if so, the extent of the burden. Cessna's counsel was able to provide specific information regarding how some of the earliest sales records were kept, to the extent that they still existed, but claimed not to have had the time to investigate the status of later records. Thus, we **DEFER** ruling on requests to admit 2 through 8 until Cessna provides a

detailed declaration describing its burden in having to answer the requests. After receiving this declaration, we will weigh its contents against the benefit of the responses to Plaintiff in determining whether to grant or deny the remainder of the motion.

It is hereby further **ORDERED** that Cessna shall serve the answer to request to admit 1 and its declaration on Plaintiff and the Court **by February 1, 2013.**

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE